**FILED**

NOV 2 8 2017

Clerk, U.S. District Court
District Of Montana
Missoula



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CLINTON SPROLES,<br><br>    Petitioner,<br><br> vs.<br><br>KURT KREUGER, KELLI FIVEY,<br>GEORGE SKULETICH, ATTORNEY<br>GENERAL OF THE STATE OF<br>MONTANA,<br><br>    Respondents. | Cause No. CV 17-88-BU-BMM-JCL<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

On November 27, 2017, Petitioner Clinton Sproles, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sproles is a state prisoner proceeding pro se.

## I. Motion to Proceed In Forma Pauperis

Sproles has moved this Court to proceed in forma pauperis. (Doc. 2). Although Sproles has not yet provided a copy of his inmate trust account statement, there is no reason to delay this matter further. Sproles' motion to proceed in forma pauperis will be granted.

## II. 28 U.S.C. § 2254 Petition

On April 6, 2017, Sproles pled guilty to felony Driving Under the Influence.

1

(Doc. 1 at 4 ¶13(A)(i)); see also, (Doc. 1-1). Sproles' plea was accepted by the trial court. That evening, the prosecuting attorney, Kelli Fivey, apparently filed a notice seeking Sproles' treatment as a Persistent Felony Offender. (Doc. 1-1). Sproles' attorney then filed a motion to dismiss the Persistent Felony Offender designation; the trial court has not yet ruled on the defense motion.

In July of this year, Sproles filed a petition for a writ of habeas corpus with the Montana Supreme Court, arguing his right to due process was violated by the unreasonable amount of time that had passed following his change of plea hearing and by the delinquent filing of the Persistent Felony Offender enhancement. The Montana Supreme Court held a writ of habeas corpus was not the proper vehicle to make such a challenge. *Sproles v. BSB Detention Center*, OP 17-0569, Or. at 2 (Mont. Oct. 17, 2017).[1] The Court noted that once the trial court ruled on Sproles' motion to dismiss the PFO enhancement and subsequently sentenced Sproles, he would then have the ability to file a direct appeal and that habeas relief was not a substitute for appeal. *Id.* Further, because Sproles was represented by counsel, it was inappropriate for him to file the writ pro se. Sproles' petition was denied.

As of the filing of Sproles' petition in this Court, he has not yet been sentenced and the trial court has not ruled on his motion to dismiss the Persistent

---

[1] Briefing and opinion available at: https://supremecourtdocket.mt.gov/search/ (accessed November 28, 2017).

Felony Offender designation.  (Doc. 1 at 3 ¶4).  Sproles asks this Court to dismiss all pending state charges.  *Id.* at 7 ¶16.

## A. Exhaustion

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)).  A petitioner must meet all three prongs of the test in one proceeding.

A review of Sproles' petition and the corresponding state court record reveals Sproles has not yet been sentenced nor has the trial court ruled on his

motion to dismiss. Following resolution of these matters at the trial court level,

Sproles still may pursue direct appeal and/or collateral review. Because there are

still state remedies available to Sproles, he has not yet exhausted his claims.

Consequently, this Court cannot review them. See, *Rose v. Lundy*, 455 U.S. 509

(1982). Dismissal is without prejudice and Sproles may return to this Court if and

when he fully exhausts the claims relative to his current custody in the state courts.

## B. *Younger* Abstention

Federal courts generally do not intervene in ongoing state proceedings

absent extraordinary circumstances where the risk of irreparable harm is both great

and immediate. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Courts have "long

recognized that in some circumstances considerations of comity and concerns for

the orderly administration of criminal justice require a federal court to forego the

exercise of its habeas corpus power." *Francis v. Henderson*, 435 U.S. 536, 539

(1976). *Younger* abstention is required if the state proceedings are: (1) ongoing; (2)

implicate important state interests; and (3) provide an adequate opportunity to

litigate federal claims. See, *Middlesex County Ethics Committee v. Garden State

Bar Ass'n*, 457 U.S. 423, 432 (1982); see also, *Columbia Basin Apartment Ass'n v.

City of Pasco*, 268 F. 3d 791, 799 (9th Cir. 2001).

All three of the *Younger* criteria are satisfied in the present case. Sproles is

has not yet been sentenced and is currently challenging his designation as a

Persistent Felony Offender in the trial court. The State of Montana has an important interest in determining if a violation of Sproles' rights has occurred and, if so, correcting such a violation. See, *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Finally, Sproles has an opportunity via direct appeal to the Montana Supreme Court to pursue his claims if the trial court does not provide the relief he seeks.

Sproles has not demonstrated the existence of any extraordinary circumstances in his current situation. Accordingly, because the *Younger* requirements are satisfied, the Court will not depart from the general rule that a petitioner must await the outcome of the state proceedings before filing a federal habeas action. *Edelbacher v. Calderon*, 160 F. 3d 582, 582-83 (9th Cir. 1998). This recommendation for dismissal without prejudice does not bar federal review in the future, but delays consideration of the claim until the conclusion of the state proceedings.

### III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Sproles has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted and state proceedings are ongoing, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

Mr. Sproles Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Sproles may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Sproles must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 28th day of November, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Sproles is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.