FILED
DEC 20 2017
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CLINTON SPROLES,<br><br>Petitioner,<br><br>v.<br><br>KURT KREUGER, KELLI FIVEY, GEORGE SKULETICH, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV-17-88-BU-BMM-JCL<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Petitioner Clinton Sproles has applied for writ of habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge Jeremiah Lynch issued Findings and Recommendations in this matter on November 28, 2017. (Doc. 4.) Judge Lynch recommended that the Court dismiss Sproles' petition without prejudice due to the availability of state remedies and the *Younger* abstention doctrine. *Id.* at 4.

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations to which no party specifically objects are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections, however, constitute perfunctory

1

responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the original response, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Sproles filed an objection. (Doc. 5.) The document contained the same assertions included in the original petition regarding the length of time Sproles has been detained pending sentencing. (Doc. 5.) Judge Lynch considered these arguments in making his recommendation to the Court. Thus, the Court finds no specific objections that are not an attempt to rehash the same arguments, and will review the Findings and Recommendations for clear error.

## I. BACKGROUND

Sproles challenges his detention pending sentencing stemming from a felony Driving Under the Influence charge brought in Montana's Second Judicial District Court, Silver Bow County. (Doc. 1 at 5.) Sproles pleaded guilty to the DUI charge on April 6, 2017. (Doc. 1 at 4.) After Sproles entered his plea, the County Attorney's office filed a notice seeking enhanced penalties by designating Sproles as a Persistent Felony Offender. (Doc. 1 at 5.)

Sproles' attorney filed a motion to dismiss the Persistent Felony Offender designation. (Doc. 4 at 2.) Sproles also filed a pro se petition for a writ of habeas

corpus with the Montana Supreme Court. (Doc. 1 at 4.) The Montana Supreme Court denied Sproles' petition on October 17, 2017. *Sproles v. BSB Detention Center*, No. OP 17-0569, Or. at 1. The Court found that Sproles was not eligible for habeas relief because the matter was still pending in District Court. *Id.* at 2. Sproles has yet to be sentenced, and the District Court has yet to rule on the motion to dismiss. *Id.* at 1. Once sentenced, Sproles may redress his grievances by direct appeal. *Id.* at 2.

The District Court has not yet ruled on Sproles' motion to dismiss the Persistent Felony Offender designation. (Doc. 4 at 2.) The District Court has not sentenced Sproles. (Doc. 4 at 2.)

## II. DISCUSSION

Sproles claims that he has been detained pending sentencing for an unreasonable amount of time, in violation of his Fourteenth Amendment right to due process. (Doc. 1 at 3.) He also argues that the application of the Persistent Felony Offender designation after his guilty plea constituted a due process violation. (Doc. 1 at 2.) Sproles seeks dismissal of all state charges. (Doc. 1 at 7.) Judge Lynch recommends that the Court dismiss Sproles' petition without prejudice due to the availability of state remedies and the *Younger* abstention doctrine. (Doc. 4 at 4.)

3

Congress has prohibited federal courts from granting a writ of habeas corpus where the applicant has not "exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). The Montana Supreme Court held that Sproles has not exhausted the remedies available to him. *Sproles v. BSB Detention Center*, No. OP 17-0569, Or. at 2. The Court agrees with Judge Lynch's conclusion that Sproles is thus ineligible for federal habeas relief. (Doc. 4 at 5.) Sproles may re-file upon conclusion of the state proceedings.

Sproles' claims further concern and challenge pending state court criminal proceedings. The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Id.* at 40-41. A federal court must abstain under *Younger* if the following four requirements are met: (1) a state initiated proceeding is ongoing; (2) the state judicial proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the state proceeding or have the practical effect of doing so. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

The Court agrees with Judge Lynch's finding that all elements of *Younger* abstention are established in this case. First, there exists an ongoing criminal action against Sproles in state court. Second, the criminal proceeding implicates

4

important state interests. The State of Montana has a significant state interest in prosecuting conduct that constitutes a criminal offense under Montana law. Third, Sproles will have an adequate opportunity to litigate federal constitutional issues in the state court proceeding. Fourth, any decision by this Court as to whether Sproles' claims constitute due process violations would unduly interfere with the state criminal proceeding. This Court must therefore abstain from adjudicating Sproles' claims for injunctive relief.

### III. ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 4) is **ADOPTED IN FULL**. Sproles' petition is **DISMISSED WITHOUT PREJUDICE** in accordance with the above Order.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

A certificate of appealability is **DENIED**.

DATED this 20th day of December, 2017.

Brian Morris
United States District Court Judge